# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARQUIS PEGUES, individually and by and through his mother CARLETTE BRADLEY, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. CIV-15-1149-R<br>) |
| OFFICER DAVID JEHLE, THE CITY OF OKLAHOMA CITY, OKLAHOMA, a municipal corporation, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Officer David Jehle's motion to dismiss Plaintiff's Amended Petition which was filed in state court. The motion seeks dismissal of Plaintiff's claim for the use of excessive force under Article 2, § 30 of the Oklahoma Constitution. Defendant argues that the Oklahoma Supreme Court held in *Perry v. City of Norman*, 341 P.3d 689 (Okla. 2014) that suits alleging excessive force by police officers could not be brought pursuant to the Oklahoma Constitution because a plaintiff's exclusive remedy for excessive force within the scope of the officer's employment is, under the Oklahoma Governmental Tort Claims Act, against the officer's employer. Defendant further states that constitutional provisions, including but not limited to Article 2, § 30, are intended to control or limit state action and prevent the state from infringing an individual's rights. Plaintiff in response disagrees with Defendant's reading of *Perry* and points out that in *Perry*, the

Supreme Court said as follows:

> [O]ur holding in *Bosh v. Cherokee Building Authority*, 2013 OK 9, 305 P.3d 994, is applicable to police officers and any other law enforcement personnel applying excessive force against a citizen. The distinguishing fact here is that the *Bosh* plaintiff was barred from bringing an action under the provisions of the OGTCA, and the plaintiff in this case is not.
>
> *Perry, supra*, at 692.

Based on this statement, Plaintiff suggests that a cause of action against an individual officer for bad faith excessive force or excessive force outside the scope of the officer's employment exists under the Oklahoma Constitution and Plaintiff asserts that the issue of whether the force was within or outside the scope of employment is ordinarily a question for the trier of fact.

The Court agrees with Plaintiff's arguments. Therefore, Defendant's motion to dismiss Plaintiff's state constitutional claim against him is DENIED.

IT IS SO ORDERED this 14th day of January, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE